UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHALO ALBERTO PONCE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:11-CR-90(6)-JRG-MCLC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 24, 2018, Chalo Alberto Ponce ["Petitioner"], a federal prisoner, filed a hybrid pleading labeled: "Motion for Court to Take Judicial Notice and/or Application to Re-Open" [Doc. 237]. Federal Rule of Evidence 201(b) allows a court to "judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice of an adjudicative fact upon request by a party who supplies "the necessary information." Fed. R. Evid. 201(c)(2). Petitioner alleges no fact of which the Court could take judicial notice and furnishes no information to support that course of action.

The only statutory authority to which Petitioner points as a way to bring his case back before the Court is as a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255 [*Id.* at 2]. Based on Petitioner's explicit statement that his motion, in the alternative, is intended to be a § 2255 Motion to Vacate, Set Aside, or Correct Sentence [*Id.*], the Clerk is **DIRECTED** to file this submission as a separate civil case, in accordance with CM/ECF procedures for filing § 2255 motions.

In 2012, Petitioner was convicted, pursuant to his guilty pleas, of one count of conspiracy to distribute marijuana, one count of conspiracy to distribute cocaine, two counts of distributing cocaine, and two counts of possessing a firearm in furtherance of a drug trafficking offense (based on the two cocaine-distribution counts) [Docs. 101, 166]. For these offenses, the Court imposed a net effective sentence of 390 months' imprisonment [Doc. 166]. Petitioner appealed, but, on October 21, 2014, the United States Court of Appeals for the Sixth Circuit dismissed his appeal because he had knowingly and voluntarily waived his right to file an appeal [Doc. 167, 205]. On October 7, 2015, The Sixth Circuit rejected Petitioner's motion for equitable tolling and for adjournment, in which he sought additional time to file a § 2255 motion [Doc. 219].

This Court also denied Petitioner's motion to enlarge the time to file a § 2255 motion to vacate [Docs. 220, 222]. Thereafter, Petitioner submitted a pro se "Motion to Dismiss Stacked 18 U.S.C. § 924(C) Charge Per Holloway Holding," two counseled Motions to Reduce Sentence, one counseled Motion for Status Review [Doc. 223-224, 230, 241], and this instant pro se § 2255 Motion to Vacate [Doc. 237].[1]

Petitioner's motion to vacate appears on its face to be time-barred, a problem he anticipates by referring to the one-year statute of limitations for filing motions to vacate [*Id*. at 1].[2] Petitions under 28 U.S.C. § 2255 asking for collateral relief are subject to a one-year statute of limitation, running from one of four dates. 28 U.S.C. § 2255(f)(1)-(4). Usually, the date on which the judgment of conviction becomes final is the relevant date. 28 U.S.C. § 2255(f)(1). However, a new statute of limitation is triggered for claims based on a right which "was initially recognized

---

[1] The Court will only entertain Petitioner's § 2255 motion to vacate in this Memorandum Opinion and Order, which will leave his other motions still pending.

[2] The title of the motion ends with this footnote: "Petitioner also requests (sic) in the event that this Court has made a decision closing the case, it is requested that it be re-opened under 2255(f)(1)(2)(3) and (4) authority—" [*Id*. at 1n.1].

2

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Petitioner impliedly argues that the statute of limitations in his case is controlled, not by subsection one as in the typical motion to vacate, but, by reasonable inference from the arguments offered in his § 2255 motion, by subsection three. To supply necessary context, the Court will address both subsections.

## I. TIMELINESS OF § 2255 MOTION

**A. Subsection One**

As noted, under § 2255(f)(1), the statute begins to run on the date a conviction becomes final. Judgment issued in this Court on August 23, 2012 [Doc. 166], and the Sixth Circuit decided Petitioner's appeal on October 21, 2014 [Doc. 205]. Petitioner did not seek review of that dismissal in the Supreme Court. Thus, ninety days later, upon the lapse of the period for petitioning the Supreme Court for certiorari review, *see* Sup. Ct. R. 13.1, Petitioner's conviction became final. *Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction").

Accordingly, Petitioner's conviction became final on January 20, 2015, which means that his § 2255 motion would be timely if it were filed within one year of that date. Petitioner's § 2255 motion was signed, and thus filed, on January 22, 2018 (under the mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1987), *see also Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying *Houston*'s prison mailroom filing rule to § 2255 motion based on the date of signing)—three years and one day after the date on which lapsed the one-year limitations statute in § 2255(f)(1) [Doc. 237 at 3]. Under this subsection, Petitioner's motion to vacate is untimely.

**B.     Subsection Three**

Petitioner indicates that his § 2255 motion is timely because it is based on a new rule established by the Supreme Court in *Dean v. United States*, 137 S. Ct. 1170 (2017), a decision handed down on April 3, 2017 [Doc. 237]. *Dean* held that a sentencing court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." 137 S. Ct. at 1178. To put it plainly, *Dean* permits a sentencing court "to impose a sentence as short as a day for the predicate count" as an adjustment for the minimum mandatory sentence in § 924(c) that runs consecutively. *United States v. Campbell*, 717 F. App'x 639, 640-41 (7th Cir. 2018).

Under subsection three, a petition is timely so long as it is filed within one year after the Supreme Court issues an opinion newly recognizing a right and holding that it applies retroactively to cases on collateral review. 28 U.S.C. § 2255(f)(3). Petitioner has not shown that *Dean* recognized a new right and made the right retroactively applicable to cases on collateral review. Indeed, although the Sixth Circuit has not yet decided the retroactivity issue, other circuits that have so done have held that *Dean* is not retroactively applicable to collateral review petitions. *Rhea v. United States*, No. 18-5660, 2018 WL 4619656, at *2 (6th Cir. Sept. 13, 2018) (listing cases). Subsection three does not provide Petitioner with a new statute of limitation, and his § 2255 motion similarly is untimely under this subsection.

Consequently, the present action is untimely, absent the applicability of tolling.

**II.     EQUITABLE TOLLING**

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys*

*v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Therefore, to demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not shown that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. Under these circumstances, the Court cannot find that extraordinary circumstances prevented Petitioner from timely filing his § 2255 motion. Because Petitioner has not established he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test.

### III. CONCLUSION

Petitioner's § 2255 motion was not filed within the one-year statute of limitations provided by § 2255(f). Thus, unless within twenty days from the date on this Order, Petitioner shows cause for his failure to bring his § 2255 motion to vacate in a timely fashion, his motion for collateral review will be denied and dismissed on the ground that is it untimely under 28 U.S.C. § 2255(f)(1).

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE