UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-90 |
| | ) | |
| CHALO ALBERTO PONCE | ) | |

**MEMORANDUM OPINION**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Doc. 230]. The defendant requests a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("USSG") § 1B1.10 as amended by Amendments 780 and 782 to the USSG. The United States has responded and acknowledges the defendant is eligible for a sentence reduction, but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 235]. In accordance with the reasoning below, the defendant's motion for sentence reduction, [Doc. 230], will be **GRANTED**.

The defendant was convicted of participating in a conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(1)(1), (b)(1)(D) (Count One); conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) (Count Three); two substantive counts of distributing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts Five and Seven); and two counts of possessing a firearm in furtherance of those drug trafficking offenses, in violation of 18 U.S.C. § 924(c) (Counts Six and Nine). The defendant was held accountable for his drug trafficking offenses involving 195.43 grams of cocaine and 3 kilograms of marijuana, for a combined marijuana equivalent of 42 kilograms. This resulted in a base offense level of 20. After decreasing the base offense level by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), the

defendant's total offense level was calculated at 17. With a criminal history category of V, the defendant's resulting advisory guideline range at sentencing was 46 months to 57 months. The defendant was subject to a mandatory minimum sentence of 360 months for the two firearm offenses, which were required to be imposed consecutive to the drug trafficking offenses. After departing downward four levels from his original advisory guideline range, the Court imposed a sentence of 390 months' imprisonment—30 months for the drug offenses,[1] followed by the mandatory minimum consecutive sentence of 360 months for the two firearms offenses.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323,

---

[1] The Court varied 34.7% downward from the bottom of the defendant's guideline range to reach the 30-month sentence for the drug convictions.

330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the Court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

Based on the USSG amendments, the defendant's amended base offense level is now 18. This base offense level is decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in an amended total offense level of 15. A total offense level of 15 combined with a criminal history category of V results in an amended guideline range of 37 months to 46 months' imprisonment. Furthermore, a 34.78% downward variance from the bottom of the defendant's amended advisory guideline range now results in a sentence of 24 months as to the drug convictions. Applying the same statutorily mandated consecutive sentence of 360 months for the two firearms convictions, the defendant requests an amended sentence of 384 months' imprisonment.

The defendant's SENTRY report reflects that he has completed a number of classes while serving his sentence in the Bureau of Prisons. In considering the §3353(a) factors, the nature and seriousness of the danger to others in the community that may be posed by a reduction of this defendant's sentence, as well as the defendant's post-sentencing conduct, the Court finds that a reduction of the defendant's sentence is appropriate. As such, the defendant's motion for reduction of sentence is **GRANTED**. The defendant's sentence shall be reduced to a term of 24 months as to Counts One, Three, Five, and Seven. The sentences for the defendant's two firearm convictions (Counts Six and Nine) remain unaffected. Thus, the defendant's total amended sentence shall be 384 months' imprisonment. This reflects a concurrent 24-month term of imprisonment for each of the drug trafficking convictions (Counts One, Three, Five, and Seven) followed by a consecutive 360-month term of imprisonment for each of the firearm convictions (Counts Six and Nine). All other provisions of the judgment dated August 6, 2012 shall remain in effect.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE