UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-00090-6-JRG-CRW |
| | ) | |
| CHALO ALBERTO PONCE | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's second pro se motion for compassionate release [Doc. 264] as supplemented by appointed counsel [Docs. 274, 278]. The United States responded in opposition [Docs. 276, 282] and appointed counsel filed a reply [Doc. 283]. As discussed below, Defendant's motion will be **DENIED**.

**I.  BACKGROUND**

In August 2012, the Court sentenced Defendant to a total term of 390 months' imprisonment based on his convictions for conspiracy to distribute a quantity of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D); conspiracy to distribute a quantity of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); two counts of distribution of a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and two counts of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). [Doc. 166 at 2–3]. Consistent with then-existing law, Defendant's sentences for his § 924(c) convictions were "stacked," meaning that he received a 5-year mandatory minimum sentence for his first § 924(c) conviction and an enhanced 25-year mandatory minimum for the second. [*Id.*].[1]

In 2018, Congress passed the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). As relevant here, the Act eliminated stacked sentences for multiple violations of § 924(c)

---

[1] Defendant received a concurrent 30-month sentence for the drug trafficking offenses. [Doc. 166 at 3].

charged in the same criminal indictment. *See* First Step Act § 403(a). For defendants sentenced after the First Step Act took effect, the 25-year mandatory minimum sentence for a second or subsequent § 924(c) conviction only applies if the defendant's first § 924(c) conviction occurred in a prior case. However, Congress expressly provided that this change is not retroactive to sentences imposed before enactment of the Act. *See* First Step Act § 403(b).

In September 2020, Defendant filed a motion for compassionate release based on his stacked § 924(c) sentences and rehabilitation. [Doc. 254 at 7–10]. Denying the motion, the Court found that Defendant's circumstances were not extraordinary and compelling because he was properly sentenced under then-existing law and Congress decided not to make the First Step Act's elimination of stacked sentences retroactive. [Doc. 258 at 3–4]. The Court also noted that rehabilitative efforts by themselves are not considered extraordinary and compelling. [*Id.* at 4].

In November 2023, the Sentencing Commission amended the compassionate release policy statement, clarifying that nonretroactive changes in sentencing law may be considered "extraordinary and compelling" under certain circumstances. U.S.S.G. § 1B1.13(b)(6), (c). This amendment superseded *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022), in which the Sixth Circuit held that retroactive changes in sentencing law could not serve as a basis for compassionate release under any circumstances.

Now before the Court is Defendant's second motion for compassionate release, in which he again asks the Court to reduce his sentence based on his stacked § 924(c) sentences. [Docs. 264, 266]. Opposing the motion, the United States asserts that the Sentencing Commission exceeded its authority in the November 2023 amendment and maintains that nonretroactive changes in sentencing law cannot serve as extraordinary and compelling reasons for compassionate release. [Doc. 282 at 8–15]. In addition, the United States contends that the §3553(a) factors weigh against

2

Defendant's release. [*Id.* at 16–17].

This matter is ripe for review.

## II. DISCUSSION

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).[2] The compassionate release statute authorizes district courts to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." 18 U.S.C. § 3582(c)(1)(A).

The Court will assume, for the purposes of this analysis, that U.S.S.G. §1B1.13(b)(6) does not exceed the authority of the Sentencing Commission. Under that amendment, changes in the law may be considered in determining whether the defendant's circumstances are extraordinary and compelling if the following requirements are met: (1) the defendant received an "unusually long" sentence; (2) the defendant has served at least ten years of imprisonment; (3) the change in the law produces a "gross disparity" between the defendant's sentence and the sentence likely to be imposed at the time the motion is filed; and (4) the court has fully considered the defendant's individualized circumstances. U.S.S.G. §1B1.13(b)(6).[3] If these conditions are not met, a change

---

[2] Before bringing a compassionate release motion in federal court, a criminal defendant must exhaust administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Defendant has provided the Court with a copy of his letter to the warden of his prison, requesting compassionate release, and the Court finds that the exhaustion requirement has been met. [*See* Doc. 278-1].

[3] Non-retroactive sentencing guideline amendments are excluded from consideration under the Guideline. U.S.S.G. §1B1.13(b)(6).

3

in sentencing law may not be considered extraordinary and compelling. U.S.S.G. §1B1.13(c).

Here, Defendant received a 5-year mandatory term for his first § 924(c) conviction and a 25-year mandatory term for his second, for a total of thirty years' imprisonment. If Defendant had been sentenced after enactment of the First Step Act, he would have received a 5-year sentence for each of his § 924(c) convictions, for a total of ten years' imprisonment. Given the twenty year difference between the sentence Defendant received and that sentence he would receive today, the Court agrees that Defendant's sentence is "unusually long" and that there is a "gross disparity" between the sentence he is serving and the sentence he would likely receive today. Moreover, Defendant has served more than ten years of his sentence, as required under the policy statement. And as the Court observed at Defendant's sentencing hearing, the mandatory term of imprisonment under § 924(c) is "a quite harsh sentence," considering Defendant's young age and background. [Doc. 195 at 13]. Accordingly, the Court could find that Defendant has shown an extraordinary and compelling reason for his release.

However, even if the Court were to find extraordinary and compelling circumstances, the § 3553(a) factors weigh against a sentence reduction at this time. As an initial matter, the Court notes that although Defendant's sentence is harsh, he has only served approximately 154 months' imprisonment, which is not appreciably longer than the 150-month sentence that would have been imposed had he been sentenced today. While incarcerated, Defendant has incurred disciplinary sanctions on thirteen separate occasions, including a sanction for possessing a dangerous weapon in January 2024, a sanction for using drugs in March 2022, and four sanctions involving the use of violence. [Doc. 282-3]. Also, as the Court noted at sentencing, his offenses were serious, especially considering that Defendant was arrested and deported during the scope of the conspiracy, and within weeks, returned to Tennessee to distribute marijuana and cocaine. [Doc.

195 at 10–11]. To his credit, Defendant has engaged in some rehabilitative efforts. [Doc. 278-2]. Nevertheless, the Court finds that Defendant's immediate release would not reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to criminal conduct. *See* § 3553(a)(2).

## III. CONCLUSION

Because the § 3553(a) factors weigh against a sentence reduction, Defendant's second motion for compassionate release [Doc. 264] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
